## Biehl Estate

*William Benner Farran*, for accountant and residuary legatees.

*Joseph X. Yaffe, Marvyn Gould, A. David M. Speers*, and *John F. Thaete*, for legatees.

*Murray B. Dolfman* and *James L. Price*, for Commonwealth.

KLEIN, P. J., February 19, 1965.—John H. C. Biehl, also known as John Henry Carl Biehl, John H. Biehl, and John Biehl, died on April 9, 1964, unmarried and without issue, leaving a will which was admitted to probate on April 16, 1964, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

By his will the testator, after directing the payment of his debts and funeral expenses and after certain directions with respect to his funeral, bequeathed $12,000, free of tax, to the Philadelphia Saving Fund Society, in trust, in memory of his deceased son, Henry Ernest Biehl, "to invest and reinvest in investments that shall pay a minimum of four (4%) per cent without liability on the part of the said Trustee, and to pay the income therefrom semi-annually" to Home for Incurable Cancer (the correct title of which is stated to be the Sacred Heart Free Home for Incurable Cancer), The Tuberculosis Fund, Aid for Blind (the correct title of which is stated to be Pennsylvania Working Home and Philadelphia Association for the Blind,

Inc.), and Philadelphia Society of Crippled Children (the correct title of which is stated to be Society of Crippled Children and Adults of Philadelphia, Bucks, Chester, Delaware and Montgomery Counties). Should any of the aforesaid societies become nonexistent, he directed the Philadelphia Saving Fund Society to pay "the respective income within its sole judgment and discretion to such allied existing Society as they shall deem worthy thereof." The residue of his estate he devised and bequeathed to Jacob J. Keller and Anna M. Keller, in fee simple and absolutely. A copy of the will, certified by counsel to be a true copy, is annexed hereto.

The statement of proposed distribution recites that the Philadelphia Saving Fund Society "because of limitation in its Charter cannot act as Trustee of the charitable bequest" contained in the will and requests the auditing judge "either (1) to appoint a substituted Trustee; or (2) since the Principal of the Trust is small, to terminate the Trust and award the fund equally to the four charities named."

There cannot be any doubt of the fact that the Philadelphia Saving Fund Society cannot act as trustee in any case. Serving in such a fiduciary capacity would be clearly *ultra vires*. The direction in the will appointing it trustee is invalid.

The testator has in effect created four separate perpetual charitable trusts, each in the principal sum of $3,000. In view of the size of the corpus, it may be difficult to find a responsible substitute trustee willing to assume the responsibility of administering this trust. The earnings of the trust would probably average four per cent per annum, or $120, for each beneficiary. A trustee could not possibly be fairly compensated for its services without either impairing the principal of the trust or claiming a larger than usual annual commission from income.

In some circumstances the court might approve the termination of a trust as small as this one where the benefits do not appear to justify the trouble and expense incident to its administration. For examples of cases in which small trusts have been terminated, see Miller Estate, 27 D. & C. 2d 239 (1962); O'Neill Estate, 7 Fiduc. Rep. 451 (1957); Falkner Trust, 3 Fiduc. Rep. 495 (1953); Montana Estate, 81 D. & C. 99 (1952), Kelby Estate, 80 D. & C. 1 (1952).

However, in the present case the testator has provided for a gift over in the following language:

"In the event that any of the above Societies shall become non-existent, then I order and direct the PHILADELPHIA SAVING FUND SOCIETY to pay the respective income within its sole judgment and discretion to such allied existing Society as they shall deem worthy thereof."

The auditing judge is, therefore, reluctant to terminate this trust. However, the four charities entitled to receive the income are all highly regarded organizations administered by honorable and respected persons who have earned the confidence of the community and this court. Accordingly, since it is impractical to appoint a substitute trustee, the fund will be awarded to the four charities named in the will, in equal shares, to be maintained in trust, the income therefrom to be used for their respective purposes. In the event any of the four designated beneficiaries shall become non-existent, a petition is directed to be filed with this court to designate an "allied existing Society" which shall be deemed worthy thereof.

At the audit Mr. Price, representing the Attorney General, stated that the Commonwealth had no objection to such award.

And now, February 19, 1965, the account is confirmed nisi.